**Helen HONKA, as Executrix of the Estate of Freada H. Gilbert, deceased, Plaintiff,**

v.

**EASTERN AIR LINES, INC., a Delaware corporation, Defendant.**

Civ. No. 70-634.

United States District Court, S. D. Florida.

Feb. 11, 1971.

Matthew M. Slepin, Miami, Fla., for plaintiff.

Walton, Lantaff, Schroeder, Carson & Wahl, Miami, Fla., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW AND FINAL JUDGMENT

CABOT, District Judge.

This cause came on to be heard by the Court without a jury. The Court having heard and reviewed the evidence, argument of Counsel, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure:

### FINDINGS OF FACT

1. Plaintiff, Helen Honka, is Executrix of the Estate of Freada H. Gilbert, Deceased. Defendant, Eastern Air Lines, Inc. is a common carrier of pas-

sengers by air. On December 19, 1966, Freada Gilbert sustained a fracture of the left heel (os calcis) when she fell on deplaning from Eastern's flight 239Y at McCoy Airfield, Orlando, Florida. The airplane involved was a Boeing 727, bearing Eastern's number 104. The incident occurred late in the evening but the area involved, including the passenger loading steps, were sufficiently lighted.

2. Mrs. Gilbert proceeded to deplane using the forward passenger loading stairs. She was preceded by her son-in-law, Uno Honka, and was followed by her daughter, Helen Honka. The stairs are constructed as an integral part of the airplane, folding out of the left side of the fuselage. Upon preparing to deplane passengers, a flight attendant cracks the door from the inside, and a ramp agent ascends the stairs, opens the door fully and secures it to the side of the fuselage so that wind will not blow it against deplaning passengers. In the process, the ramp agent tests the stability of the stairs by walking up and down them.

3. At the time of the accident, Mrs. Gilbert was 83 years of age. She had had arteriosclerosis for an appreciable period of time. Arteriosclerosis can, and did in this instance, cause Mrs. Gilbert some problems, though perhaps minor, in maintaining her balance and equilibrium. She did not request assistance from Eastern in deplaning. Her son-in-law and daughter made no request for Eastern's assistance and did not endeavor to assist her by holding her arm as they negotiated the aisle or the stairs.

4. The evidence is in conflict as to whether the Gilbert-Honka trio were near the first passengers deplaning or the last to leave. In any event, I find that passengers deplaned before them. There is no suggestion in the evidence that any of the other deplaning passengers, including Uno and Helen Honka, had the slightest difficulty in negotiating the stairs. The stairs would move if the airplane moved in the wind. However, the night was calm and there is no evidence that the stairs moved while Mrs. Gilbert was deplaning.

5. Plaintiff contends that Freada Gilbert fell because the stairs swayed, or the handrail was "jiggely", or because the stairs were improperly designed in that the handrail ended before the last step where Mrs. Gilbert fell. I find, however, that plaintiff has failed to establish, by preponderance of the evidence, that the stairs in question were not reasonably safe for the use intended. Stated conversely, there is no adequate proof that Eastern was negligent in furnishing passenger loading stairs which were unsafe or the design of which failed to measure up to an air carrier's standard of care. The base of the handrails end at the second step. However, as shown by a lateral photograph with plumb bob attached to the top of the handrail, the top is available to a deplaning passenger until the passenger alights from the last step and moves on to the ramp.

6. I find that Freada Gilbert lost her balance or equilibrium as she attempted to negotiate the last two steps. Mrs. Gilbert, not to mention her daughter and son-in-law, were in a position superior to Eastern to recognize the need for assistance. Nevertheless, no one in the Gilbert-Honka party either sought or offered assistance. It would have been easy for them to do so. Such failure was negligence proximately resulting in Mrs. Gilbert's fall.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and the subject matter of the case.

2. Having found in favor of the defendant, Eastern Air Lines, Inc., on liability, it is unnecessary to consider damages.

3. Even if an air carrier's "highest degree of care" extends beyond flight to and including the deplaning process, I find that defendant, Eastern Air Lines, Inc., was not negligent in this case.

4. This is a survival action by Freada Gilbert's personal representative, brought pursuant to the provisions of Florida Statutes § 46.021, F.S.A. Damages claimed by the personal representative are damages which Freada Gilbert could have recovered for herself were she living. Therefore, her own contributory negligence bars recovery by her personal representative. I conclude, as a matter of law, that Freada Gilbert was contributorily negligent in failing to hold onto the handrail until she had left the stairs and in failing to obtain help in deplaning from her daughter and son-in-law, and that, therefore, plaintiff cannot recover.

## FINAL JUDGMENT

5. Judgment is hereby rendered in favor of defendant, Eastern Air Lines, Inc., and against plaintiff. Plaintiff shall take nothing by her Complaint and defendant shall go hence without day. There is no reason to defer judgment. This shall constitute judgment for defendant pursuant to Rules 58 and 79.

6. Defendant shall recover its costs to be taxed on proper motion or affidavit.